ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION
FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 AUG 31 P 12:07

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| JOHN WESLEY GARVIN, | ) |
| Plaintiff, | ) |
| v. | ) CV 307-029 |
| JAMES DONALD, Commissioner, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. The matter is now before the Court on Plaintiff's "Motion Requesting Preliminary Injunction Prohibiting Transfer" (doc. no. 3) and "Motion to Request Preliminary Injunction Prohibiting the Assignment of Female Correctional Officers to Post of Male Inmate Housing Units" (doc. no. 5). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that both motions be **DENIED**.

### I. DISCUSSION

**A.    Request for Preliminary Injunction Prohibiting Transfer**

In the "Motion Requesting Preliminary Injunction Prohibiting Transfer," Plaintiff requests that the Court prevent his transfer to another correctional facility during the pendency of this case. (Doc. no. 3, p. 1). According to Plaintiff, a transfer would create hardships and hinder the prosecution of this case. (Id. at 2). Furthermore, Plaintiff states that

a transfer would jeopardize his legal materials and hinder the timely receipt of mail. (Id.). Although Plaintiff's complaint concerns the conditions of his confinement, he maintains that a transfer would not resolve the alleged civil rights violations. (Id.). Finally, Plaintiff submits that a transfer would not be in his or the public's best interest. (Id. at 3).

Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim or that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants. As to Plaintiff's likelihood of prevailing on the merits of his claim, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary

2

transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular state institution.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

According to Plaintiff, a transfer would jeopardize his legal materials and hinder receipt of mail. However, Plaintiff has not alleged that he is scheduled to be transferred or that previous transfers have hindered the receipt of mail, resulted in lost legal materials, or damaged his legal materials. Furthermore, any potential loss of legal materials or untimely

3

receipt of mail can be redressed by acquiring copies or moving for extensions. Therefore, this motion should be **DENIED** because Plaintiff has failed to demonstrate that there is a real risk of imminent, irreparable injury, and thus, he cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief.

**B.    Request for Preliminary Injunction Prohibiting the Assignment of Female Correctional Officers to Male Inmate Housing Units**

In the "Motion to Request Preliminary Injunction Prohibiting the Assignment of Female Correctional Officers to Post of Male Inmate Housing Units," Plaintiff requests that the Court prevent the assignment of female correctional officers to male inmate housing units during the pendency of this case. (Doc. no 5, pp. 1 & 2). According to Plaintiff, female correctional officers, who are routinely assigned to male inmate housing units, monitor male inmates while they shower, use toilets, and change clothes. (Id. at 2).

As previously noted, parties moving for injunctive relief must "clearly establish the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537. Once again, Plaintiff has failed to address, let alone establish, the likelihood of success on the merits or whether the threatened injury outweighs whatever damage the proposed injunction may cause Defendants. As such, Plaintiff has failed to clearly establish the burden of persuasion as to the four requisites, and thus, Plaintiff has not shown that he is entitled to preliminary injunctive relief.

Of course, inmates have a limited constitutional right to bodily privacy. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006); Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993). However, when determining the merits of a claim for injunctive relief concerning alleged violations of bodily privacy rights, the district court must determine whether the

4

regulation that impinges an inmate's limited right to bodily privacy is reasonably related to legitimate penological interests. Fortner, 983 F.2d at 1030 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). In this regard, the following four factors govern the reasonableness review of prison regulations: (1) whether there is a valid, rational connection between the regulation and a legitimate government interests put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to inmates; (3) whether and the extent to which accommodations of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources; and (4) whether the regulation represents an exaggerated response to prison concerns. Id. (citing Harris v. Thigpen, 941 F.2d 1495, 1516 (11th Cir. 1991)).

At this early stage of the proceedings, Plaintiff falls short of showing that the assignment of female officers to male inmate housing units is not reasonably related to legitimate penological interests. Clearly, the state has a legitimate interest, which is furthered by the practice of having prison officials monitor inmates at all times, in maintaining safety and order within its correctional facilities. Admittedly, the assignment of female officers to male inmate living units may, under some circumstances, conflict with the limited right to bodily privacy of those inmates, and perhaps male inmates could better protect their bodily privacy if female officers were not assigned to male living units.[1] Nevertheless, such an

---

[1] In recognizing a prisoner's constitutional right to bodily privacy, the Eleventh Circuit noted that most people have a special sense of privacy in their genitals, and involuntary exposure in the presence of persons of the opposite sex may be especially demeaning and humiliating. Fortner, 983 F.2d at 1030 (citing Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981); Covino v. Patrissi, 967 F.2d 73, 78 (2d Cir. 1992); Sepulveda v. Ramirez, 967 F.2d 1413, 1415 (9th Cir. 1992); Mitchenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988)).

accommodation would have a drastic impact on the composition of prison staffs, as well as the allocation resources among and within prisons.² Additionally, the assignment of properly-trained female officers to male inmate housing units for the purpose of monitoring inmates is not an exaggerated response to prison safety and order concerns. Moreover, Plaintiff has failed to provide an alternative that accommodates his limited right to bodily privacy at *de minimis* costs to valid penalogical interests. See Fortner, 983 F.2d at 1030 (holding that the fourth *Turner* factor allows inmates to provide an alternative that accommodates the their rights at *de minimis* cost to valid penological interests). Simply put, at this early stage, Plaintiff has failed to establish the substantial likelihood of success on the merits or that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants. Therefore, injunctive relief is unwarranted under the circumstances.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion Requesting Preliminary Injunction Prohibiting Transfer" (doc. no. 3) and "Motion to Request Preliminary Injunction Prohibiting the Assignment of Female Correctional Officers to Post of Male Inmate Housing Units" (doc. no. 5) be **DENIED.**

SO REPORTED and RECOMMENDED this 31st day of August, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

²The Court also notes that Plaintiff has not alleged that he is constantly supervised by female correctional officers, but instead that female correctional officers are routinely assigned to male inmate housing units.