ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 NOV -8 AM 8: 19
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN WESLEY GARVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-029 |
| | ) | |
| JAMES DONALD, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) James Donald, Commissioner, Georgia Department of Corrections; (2) Ralph Kemp, Warden, Wheeler Correctional Facility ("WCF"); (3) Dewayne Blair, Deputy Warden, WCF; (4) Robert Rozier, Deputy Warden, WCF; and (5)

Fred Brown, State Monitor, WCF. (Doc. no. 1, pp. 1 & 4). Plaintiff submits that Defendants have subjected him to cruel and unusual punishment, as well as violated his right to privacy, due process, and equal protection of the law. (Id. at 5).

Plaintiff alleges that Defendants Kemp, Blair, and Rozier routinely assign female correctional officers to male inmate housing units. (Id. at 7). Plaintiff maintains that female correctional officers monitor, view, and watch him while he is nude, showering, using the toilet, and changing clothes. (Id.). According to Plaintiff, "Defendants acknowledge this and go as far as to state it is said female CO's duties [sic] to do such on a daily basis." (Id.). Furthermore, Plaintiff alleges that female correctional officers make remarks to male inmates, such as "you don't [sic] have anything worth looking at why are you covering it up." (Id. at 8). Plaintiff submits that Defendant Brown, who "has a duty to monitor the practices and ensure the Defendants comply with Standard Operating Procedures, State, and Federal Laws and Constitutions," has turned a blind eye and willfully permitted these unconstitutional practices to continue. (Id.).

Plaintiff alleges that he filed a grievance and appeal concerning the assignment of female correctional officers to male housing units ("Assignment"), which was denied by Defendants Kemp and Donald, respectively.[1] (Id. at 7). Plaintiff submits that the exposure of his genitals to members of the opposite sex, and the remarks made by female correctional officers, have been extremely embarrassing, degrading, and humiliating. (Id. at 8). Plaintiff

---

[1] Plaintiff contends that he "appealed the Warden's response [to his grievance] to Defendant James Donald . . . this making Defendant Donald aware of such unconstitutional practices and affording him the opportunity to correct it." (Doc. no. 1, p. 7). According to Plaintiff, because Defendant Donald denied his appeal, he is knowingly and willfully allowing unconstitutional practices to continue. (Id. at 8).

2

contends that, in an attempt to shield himself from the negative psychological effects, he refrains from showering and using the toilet until female correctional officers focus their attention elsewhere. (Id.). As a result, Plaintiff maintains that he suffers discomfort and pain because he is forced to either refrain from using the toilet or expose himself to female correctional officers. (Id.).

As relief, Plaintiff requests that the Court issue a declaratory judgment stating that Defendants violated his constitutional rights. (Id. at 17). Plaintiff seeks court costs and $25,000 in compensatory damages from each Defendant for psychological damages. (Id.). Additionally, Plaintiff asks that the Court enjoin Defendants from assigning female correctional officers to male inmate housing units. (Id.). Plaintiff is suing all Defendants in their individual capacity for psychological damages and in their official capacity for injunctive relief. (Id. at 5).

## II. SCREENING OF COMPLAINT

### A.   Conditions of Confinement Claim

Plaintiff's contention that the Assignment subjects him to unconstitutional conditions of confinement fails as a matter of law. "Severe and repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006), *cert. denied*, ___ U.S. ___, 127 S. Ct. 1908 (U.S. Apr. 2, 2007). To be more precise, to establish a constitutional violation, Plaintiff must bring allegations showing that he suffered an "objectively, sufficiently serious injury" and that prison officials had a "sufficiently culpable state of mind." Id. (citing Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997) and Farmer v. Brennan, 511 U.S. 825, 835 (1994)).

3

In this case, Plaintiff alleges that the Assignment has forced him to refrain from showering and using the toilet until female officers focus their attention elsewhere. Rather than suggesting that his shielding efforts have resulted in a physical injury, Plaintiff submits that he suffers psychological damages, discomfort, and pain. Plaintiff does not indicate that the Assignment has resulted in any physical injury. As such, the Court is not persuaded that Plaintiff has suffered the "objectively, sufficiently serious injury" necessary to establish this Eighth Amendment claim. Cf. id. (holding that "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than a *de minimis* injury," and thus, does not violate the Eighth Amendment). Therefore, Plaintiff's conditions of confinement claim fails as a matter of law.

### B. Equal Protection Claim

Furthermore, Plaintiff fails to allege facts sufficient to establish his claim that the Assignment constitutes a violation of his equal protection rights. To state a viable equal protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Constitutionally impermissible bases to discriminate include "race, religion, national origin, poverty, or some other . . . protected interest." Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (*per curiam*) (citing Cruz v. Skelton, 543 F.2d 86 (5th Cir. 1976) and Osborne v. Folmar, 735 F.2d 1316 (11th Cir. 1984)).

In this case, Plaintiff alleges that female correctional officers monitor all male inmates while they are nude, showering, using the toilets, and changing clothes. Furthermore, Plaintiff contends that this monitoring occurs continually on a daily basis. However, Plaintiff has not alleged that he was treated differently from other similarly situated inmates. Furthermore, Plaintiff does not contend that the Assignment is motivated by a desire to discriminate based on some constitutionally impermissible motive. Therefore, Plaintiff fails to allege facts sufficient to establish an equal protection claim.

C.  **Due Process Claim**

Moreover, to the extent Plaintiff may be claiming that the denial of his grievance concerning the Assignment constitutes a violation of his due process rights, such an allegation fails to state a claim upon which relief may be granted. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State

Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff alleges that he filed a grievance concerning the Assignment, which was denied by both Defendants Kemp and Donald. Although Plaintiff does not indicate whether these Defendants violated any specific grievance procedure, he seems to take issue with the fact that his grievance was denied rather than resolved in his favor. Regardless, alleged misdeeds concerning grievance procedures would not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, to the extent that Plaintiff claims that the denial of his grievance constituted a violation of his due process rights, such an allegation fails as a matter of law.

### D. *Respondeat Superior* Claims

Plaintiff's claim that Defendants Donald and Brown are liable for the constitutional violations alleged in the complaint must fail as a matter of law. "Supervisory officials are

not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff has not alleged that Defendants Donald or Brown were personally involved in the Assignment.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Donald and Brown and the Assignment. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman,

---

[2]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

7

940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiff has not alleged the necessary causal connection with respect to Defendants Donald and Brown to hold them liable for the Assignment. According to Plaintiff, because Defendant Donald denied his grievance concerning the Assignment, he is knowingly and willfully allowing it to continue.³ (Doc. no. 1, pp. 7-8). Plaintiff also contends that Defendant Brown, who allegedly has a duty to monitor prison officials, has failed to "ensure [that] the Defendants comply with Standard Operating Procedures, State, and Federal laws and Constitutions" and has willfully permitted "such unconstitutional acts to continue."⁴ (Id. at 8). However, Plaintiff has proffered no facts suggesting that these Defendants were responsible for a custom or policy which resulted in the Assignment. Although Plaintiff contends that Defendant Donald is "willfully allowing said unconstitutional practices to continue" (doc. no. 1, p. 8), Plaintiff has not alleged that he

---

³In support of this contention, Plaintiff has submitted responses from the GDC denying his grievance, and two grievances submitted by other inmates, concerning the Assignment. (Doc. no. 1, pp. 21, 25 & 28). The Court notes, however, that these responses were signed by Sandra Butler, Interim Manager, Inmate Affairs Unit on behalf of Tom Sittnick, Director, Office of Investigations and Compliance. (Id.). Furthermore, one of the grievances was not considered because it failed to comply with the "Statewide Grievance Procedure." (Id. at 25). Thus, it appears that Defendant Donald was not personally involved in the denial of any grievance concerning the Assignment.

⁴The Court notes that Plaintiff does not allege that Defendant Brown was involved in the resolution of his grievance.

8

knew about any widespread abuses related to the Assignment.[5] Furthermore, Plaintiff has not alleged that Defendant Brown failed to report an alleged unconstitutional practice to another state official or that he has the authority to prevent the Assignment. As such, Plaintiff has failed to demonstrate that there was a causal connection between the actions of these Defendants and the Assignment.

In sum, Plaintiff has failed to state a claim against Defendants Donald and Brown, based upon their positions as Commissioner and Monitor. As these are the only claims against them, they should be **DISMISSED** from the case.

E.  **Psychological Damages**

Plaintiff seeks $25,000 from each Defendant for psychological damages, embarrassment, degradation, and personal humiliation resulting from the Assignment. When a lawsuit involves (1) a federal civil action (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody, § 1997e(e) requires a showing of more than *de minimis* physical injury in order for the plaintiff to proceed. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). In this case, Plaintiff does not contend that he suffered any physical injury resulting from the Assignment. Consequently, Plaintiff has failed to allege facts sufficient to satisfy the mandates established

---

[5] On this point, a couple of grievances concerning the Assignment does not satisfy the burden of putting a supervisor on notice of a widespread problem. Cf. Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of the Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions). Moreover, as previously noted, there is no evidence that Defendant Donald actually saw or addressed these appeals.

9

by § 1997e(e). Therefore, Plaintiff's request for $25,000 from each Defendant for psychological damages, embarrassment, degradation, and personal humiliation is barred by 42 U.S.C. § 1997e(e).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's conditions of confinement, equal protection, due process, and *respondeat superior* claims, as well as Plaintiff's claim for psychological damages, be **DISMISSED**, and that Defendants Donald and Brown be **DISMISSED** from this case.[6]

SO REPORTED and RECOMMENDED this 8th day of November, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Kemp, Blair, and Rozier for Plaintiff's right to privacy claim as it relates to the Assignment.